IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LEONARD STEWART | § | |
| v. | § | CIVIL ACTION NO. 6:08cv218 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Petitioner Leonard Stewart, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his confinement with respect to his release on parole. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Stewart says that he was convicted of driving while intoxicated on January 23, 2006, receiving a sentence of 10 years in prison. He contends that the Texas Board of Pardons and Paroles is violating the constitutional guarantee against double jeopardy because the Board has set him off for parole for "the same offense and his past convictions." He also says that the fact that he is being continuously denied parole for the same reasons amounts to a violation of due process.

Stewart asserts that Tex. Gov. Code art. 508.145(f), which sets out the time frame in which inmates convicted of non-aggravated offenses attain eligibility for parole, creates an expectancy of release on parole. He indicates that he is eligible for parole, but has been consistently denied. He goes on to argue that a state-created liberty interest may be created through the use of "explicitly mandatory" language within a statute and says that the Board has failed to comply with the provisions of the statute, although he fails to explain how.

Stewart also says that he has never been notified of a finding that his release would endanger the public or that his earned good time is not an accurate reflection of his potential for rehabilitation. He argues that the refusal to release him on parole amounts to punishing him again for the crime which he is already being punished for, and says that the failure to release him on parole constitutes an "atypical and significant hardship." He again maintains that Texas law creates an expectancy in release on parole.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be denied. The Magistrate Judge first noted that TDCJ records show that Stewart is eligible for parole, and has been eligible since September of 2006; Stewart does not dispute that he is eligible, but challenges the failure to release him on parole.

Although Stewart maintains that Texas law creates an expectancy in release on parole, the Magistrate Judge stated that the Fifth Circuit has consistently held that there is no liberty interest in parole under Texas law. Creel v. Keene, 928 F.2d 707, 708-09 (5th Cir. 1991); Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995). Consequently, the Magistrate Judge said, because inmates have no liberty interest in obtaining parole, they cannot bring lawsuits complaining of the constitutionality of procedural devices attendant to parole decisions. In addition, the Fifth Circuit has held that there are no procedural due process protections for procedures unrelated to protected liberty interests, and because Texas inmates have no protected liberty interest in parole, they cannot mount challenges against state parole review procedures on procedural or substantive grounds. Allison, 66 F.3d at 74; Johnson v. Rodriguez, 110 F.3d 299, 308-09 and n.13 (5th Cir. 1997).

The Magistrate Judge further stated that the fact that the statute sets out eligibility requirements for parole does not grant inmates an expectancy in release on parole. In addition, the Magistrate Judge said, the fact that Stewart was denied parole, when no constitutional expectancy of or liberty interest in release on parole exists, is not an "atypical or significant hardship in relation to the ordinary incidents of prison life." The Magistrate Judge therefore recommended that the petition be denied and that the Court deny Stewart a certificate of appealability *sua sponte*.

Stewart filed objections to the Magistrate Judge's Report on June 13, 2008. In his objections, Stewart says that "the substantive component of the due process clause of the Fifth Amendment protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them." He says that procedural due process protections apply when the Government deprives an individual of life, liberty, or property based on the resolution of "contested factual issues."

In his case, Stewart says, the Texas Board of Pardons and Paroles has denied his repeated requests for parole by "using the same non-changing facts or grounds for their denial, and these grounds aren't an accurate reflection of the facts particular to Petitioner." He says that is not claim not so much one of entitlement to parole, but rather an assertion to the equal protection of the law which governs the process for reviewing parole eligible candidates; even if the decision whether or grant or deny parole is not reviewable, Stewart says, the fairness of the process used must be. In this case, he contends that the Board has denied him three times using "inaccurate, non-changing factors," which he says cannot be a "fair process."

Stewart's objections are without merit. He has no liberty interest in parole, and thus cannot challenge state parole review procedures "on substantive or procedural grounds," as the Fifth Circuit explained in Rodriguez. The fact that he has been denied parole on grounds which he believes are inappropriate does not provide a basis for habeas corpus relief.

Nor is Stewart entitled to relief for his equal protection claim. The Fifth Circuit has held that to demonstrate a violation of his equal protection rights, the plaintiff must show purposeful discrimination resulting in a discriminatory effect among persons similarly situated. Muhammed v. Lynaugh, 966 F.2d 901, 903 (5th Cir. 1992). The Court went on to explain that to prove a cause of action for an equal protection violation, the plaintiff must demonstrate that prison officials acted with a discriminatory purpose. The phrase "discriminatory purpose," in an equal protection context, implies that the decision-maker selected a particular course of action at least in part because of, and

not simply in spite of, the adverse impact it would have on an identifiable group. Woods v. Edwards, 51 F.3d 577, 580 (5th Cir. 1995).

In this case, Stewart has not shown that the Parole Board acted with a discriminatory purpose, nor that a discriminatory effect has resulted among persons similarly situated to himself. The fact that not all persons who are eligible for parole receive it is not proof of a discriminatory purpose, nor of a discriminatory effect. Stewart's claim on this point is without merit.

Finally, Stewart contends that the Due Process Clause applies to every asserted deprivation of life, liberty or property, arguing by implication that this extends to decisions concerning parole eligibility. This contention is without merit because there is no liberty interest in release on parole, as the Fifth Circuit has repeatedly held. Deprivations of life, liberty, or property interests which implicate protected liberty interests are protected by the Due Process Clause, but eligibility for parole is not such an interest. Stewart's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition and memorandum in support, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Leonard Stewart is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 7th day of July, 2008.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**